IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL, | No. 2:24-CV-1834-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| COOPER, et al., | and |
| Defendants. | FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' partial motion to dismiss. See EFC No. 10. Plaintiff has not filed an opposition.

   In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

1

See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

A. **Plaintiff's Allegations**

Plaintiff initiated this action with a pro se complaint filed July 1, 2024, asserting claims against the following defendants: (1) Cooper, Lieutenant, (2) Martin, (3) Bradley, and (4) Valencia. See EFC No. 1, pg. 1.

Plaintiff's first claim is identified as a First Amendment retaliation claim that arises from a grievance filed "approximately one month prior to June 6, 2022," reporting sexual misconduct. Id. at 4. Plaintiff asserts that her clinician notified Defendant Cooper that Plaintiff should be moved to a different facility for her safety and mental health. See id. Plaintiff contends that Defendant Cooper has authorized other inmates to move to a different facility, but "refused or denied" a move for Plaintiff. Id. Plaintiff asserts she notified clinician S. Jacques that she was on "hunger strike" to compel a meeting with Defendant Cooper or his supervisor. Id. On June 6, 2022, Plaintiff alleges Defendants Cooper, Martin, Valencia, and "John Does" told Plaintiff "you wrote grievances on cops" so "what's about to happen to you [is] gonna be heartache for you. Wise up and stop 602-ing." Id.

Plaintiff's second claim alleges that Defendants violated her First Amendment right to free exercise of religion by confiscating and destroying her religious literature on June 6, 2022. See id. at 5. Plaintiff alleges Defendants only provided the option of destroying the religious material as a means of disposing of it, which is a violation of prison policies. See id.

Plaintiff's third claim alleges Defendants, stated as "staff," violated her rights under Title II of the Americans with Disabilities Act (ADA). Id. at 6. Plaintiff asserts that Defendants failed to consult her regarding "effective accommodations, perform a self-evaluation, and provide a grievance mechanism concerning the accessibility of programs and services." Id. Plaintiff alleges "staff" failed to provide her with interpretive services during transportation and classification by providing inadequate or no assistive communication devices for the telephone and television. See id. Thus, Plaintiff contends the Defendant prevented her ability to fully participate in educational and vocational programs. See id.

///

B. **Procedural History**

On August 28, 2024, the Court determined that Plaintiff's complaint was appropriate for service as to the following claims: (1) Claim I against Defendant Cooper for retaliation; (2) Claim II against Defendant Martin for interference with Plaintiff's right to religious practice; and (3) Claim III against all defendants for violation of Plaintiff's rights under the Americans with Disabilities Act (ADA). See ECF No. 6. Defendants filed the pending partial motion to dismiss on November 22, 2024, challenging Plaintiff's retaliation and ADA claims only. See ECF No. 10. Despite being granted an extension of time, Plaintiff has not to date filed an opposition to Defendants' motion.

## II. DISCUSSION

In their motion to dismiss, Defendants argue that Plaintiff's allegations are insufficient to assert a First Amendment retaliation claim or an ADA claim. See EFC No. 10, pg. 1. As to the Plaintiff's First Amendment retaliation claim, Defendants contend that Plaintiff fails to plead facts that plausibly allege that the adverse action taken by Defendants did not reasonably advance a legitimate correctional purpose. See id. at 3. As to Plaintiff's ADA violation claim, Defendants contend Plaintiff's allegations are too vague to support her claim and fail to establish she is a qualified individual with a disability who was denied a benefit by reason of her disability. See id. Defendant's do not otherwise challenge Plaintiff's First Amendment claim of obstructing her exercise of religion. For the reasons discussed below, the Court agrees with Defendants that, as currently plead, the complaint is deficient and warrants partial dismissal.

A. **Retaliation**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the plaintiff must establish that she was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th

1  Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner
2  must also show that the exercise of First Amendment rights was chilled, though not necessarily
3  silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir.
4  2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner
5  plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials
6  took adverse action against the inmate; (2) the adverse action was taken because the inmate
7  engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights;
8  and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d
9  at 568.
10              Defendants argue that Plaintiff fails to allege that the denial of Plaintiffs move
11 request by Defendant Cooper did not serve a legitimate correctional goal.  See EFC No. 10, pg. 6.
12 The Court does not agree.  To successfully plead the fourth element of a retaliation claim under
13 Rhodes, the plaintiff must allege that the defendant's actions were arbitrary, capricious, or
14 unnecessary to the maintenance of order and security in the institution.  See Watison v. Carter,
15 668 F.3d 1108, 1114-15 (9th Cir. 2012).  Here, Plaintiff contends that she filed a grievance
16 against unnamed prison officials alleging sexual misconduct.  According to Plaintiff,
17 approximately one month later, in June 2022, Defendant Cooper refused to approve a cell move
18 recommended by Plaintiff's clinician.  Plaintiff also contends that she was later told by Defendant
19 Cooper and others that she would experience "heartache" for having filed grievances.  From these
20 allegations, it is reasonable to infer that Defendant Cooper knew about either the specific sexual
21 misconduct grievance Plaintiff filed, or other grievances Plaintiff filed, and that the filing of
22 grievances was the reason for Defendant Cooper's refusal to approve the recommended cell
23 move.  Plaintiff has thus plausibly alleged that Defendant Cooper's actions were capricious in that
24 they were taken in order to cause Plaintiff "heartache" and not for some legitimate penological
25 reason, such as maintaining institutional order and security.
26 / / /
27 / / /
28 / / /

**B.     ADA**

Title II of the ADA covers state prison inmates. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998). To present an ADA claim, an inmate must show: (1) the inmate is an individual with a disability; (2) the inmate is qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the inmate was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the inmate's disability. See Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) overruled in part on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016).

For the purposes of the ADA, a disability is a physical or mental impairment that substantially limits one or more major life activities. See Weaving v. City of Hillsboro, 763 F.3d 1106, 1111 (9th Cir. 2014). To qualify, a disability must limit the ability of an individual to perform a major life activity as compared to most people in the general population. See Shields v. Credit One Bank, N.A., 32 F.4th 1218, 1226 (9th Cir. 2022). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Id. (citing 42 U.S.C. § 12102(2)(A)).

To be cognizable, a Title II ADA claim for compensatory damages must allege that the defendants were deliberately indifferent to Plaintiff's need for accommodation. See Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001). To show deliberate indifference, the inmate must have provided notice to the defendants by identifying specific reasonable and necessary accommodations. Id. (citing Memmer v. Marin County Courts, 169 F.3d 630, 633 (9th Cir.1999)). But providing notice is unnecessary if the need for accommodation is "obvious" or is required by statute or regulation. Id. The plaintiff must also allege that once notice was provided, the defendants failed to "undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." Id. Upon receiving notice, the defendants "have a duty to gather sufficient

1  information from [Plaintiff] and qualified experts as needed to determine what accommodations

2  are necessary." Id. (citing Wong v. Regents of the University of California, 192 F.3d 807, 818

3  (9th Cir.1999). Ultimately, the "failure to act must be a result of conduct that is more than

4  negligent[] and involves an element of deliberateness." Id.

5        Here, Defendants argue that Plaintiff's ADA violation claim is "too vague"

6  because Plaintiff does not specify a disability that would entitle her to benefits or identify which

7  individual defendant denied or failed to provide accommodations. See EFC No. 10, pg. 7.

8  Specifically, Defendants argue that Plaintiff fails to allege a physical impairment that

9  substantially limits a major life activity, fails to allege there is a record of such impairment, and

10  fails to allege an impairment under the ADA. See id. at 9-10. Even if Plaintiff could successfully

11  establish that she has a disability recognized under the ADA, Defendants argue that Plaintiff's

12  claim fails to allege discrimination by reason of Plaintiffs disability. See id. at 10. Additionally,

13  Defendants argue Plaintiff only alleges that "staff" failed to provide Plaintiff with

14  accommodations. Id. at 7.

15        Defendant's arguments are well taken. Plaintiff fails to allege that she has a

16  disability or that Defendants were on notice of her disability, or that any claimed disability would

17  qualify her to receive accommodation under the ADA. While Plaintiff contends that she was

18  denied interpretive services and assistive communication devices, Plaintiff does not explain why

19  such accommodations were necessary. Moreover, Plaintiff has not alleged that the Defendants

20  listed in the complaint violated her rights under the ADA. Rather, Plaintiff generally refers to

21  "staff." See EFC No. 1, pg. 6. This method of pleading fails to establish the requisite causal link

22  between a named defendant and the claimed violation of the ADA. See Monell v. Dep't of Social

23  Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976); Leer v. Murphy, 844 F.2d

24  628, 634 (9th Cir. 1988) (holding that the plaintiff must set forth specific facts as to each

25  individual defendant's causal role in the alleged violation). Plaintiff should be provided leave to

26  amend her ADA claim.

27  / / /

28  / / /

7

### III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is RECOMMENDED that Defendants' partial motion to dismiss, EFC No. 10, be GRANTED in part and DENIED in part.

3. It is RECOMMENDED Defendants' motion be DENIED as to Plaintiff's retaliation claim against Defendant Cooper, which is sufficient to proceed.

4. It is RECOMMENDED that Defendant's motion be GRANTED as to Plaintiff's ADA claim and that Plaintiff be provided an opportunity to file a first amended complaint as to this claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**Dated: June 6, 2025**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE